**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:20-cv-23248-GAYLES**

**JOHN F. JONES**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant United States of America's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 47]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion is granted.

## BACKGROUND

*Pro se* Plaintiff John F. Jones brought this tort action against Defendant United States of America through the Department of Veterans Affairs ("VA") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680. [ECF No. 45]. Plaintiff is a combat veteran, currently incarcerated. When Plaintiff was a child, he was sexually abused. And in 1984 while he was deployed, he was raped by a fellow service member. Between 1997 and 2007, the time period directly prior to his incarceration, Plaintiff self-admitted to several VA hospitals in New York and Florida for treatment "for violent ideations and progressively worsening intrusive thoughts regarding sex and violence, as well as multiple substance abuse admissions[.]" [ECF No. 45 at ¶ 12]. Plaintiff told the VA hospital staff about his history, that he felt he was a

danger to himself and others, and repeatedly asked for PTSD/MST[1] treatment, to no avail. According to Plaintiff, to save money, the VA chose to provide him with treatment programs aimed at his secondary condition of substance abuse instead of programs treating conditions like PTSD, MST, and sexual assault. Consequently, on April 23, 2008, Plaintiff was convicted of lewd and lascivious molestation of a minor in Alachua County, Florida, among other offenses. [ECF No. 47-1].

In 2016, Plaintiff's Veterans of Foreign Wars Representative, Tina Herring, discovered numerous instances of potential negligence and medical malpractice that occurred during his 10-year treatment period. In particular, Ms. Herring noticed that Plaintiff's medical records indicated multiple references to sexual trauma but no mention of any related treatment. Plaintiff told Ms. Herring that he "never heard anything about . . . [a] recommendation for sexual trauma treatment (except for the one from the Miami, Florida, P.T.S.D inpatient treatment program just prior to his incarceration)." [ECF No. 45 at 49]. Ms. Herring reported that Plaintiff believed that if he had gotten his treatment, he would not be in prison. *Id.* After being notified of this discovery, Plaintiff ordered a copy of his VA medical records, conducted a pre-suit investigation, and obtained a written medical expert opinion.

Accordingly, on June 13, 2017, Plaintiff submitted a written notification of incident to the VA in Florida claiming gross negligence and medical malpractice. [ECF No. 45 at 22]. On September 19, 2017, the VA denied Plaintiff's tort claim as time barred because the "alleged harm occurred on or before August 22, 2007, or prior to [his] date of conviction (April 23, 2008)" and was not "presented within two years after the claim accrue[d], as provided in [28 U.S.C. § 2401(b)]". [ECF No. 47-2]. The denial noted that, if dissatisfied, Plaintiff may request

---

[1] MST stands for Military Sexual Trauma. *See* [ECF No. 45 at ¶ 4].

reconsideration with the VA or initiate a lawsuit in a federal district court for judicial consideration, but Plaintiff must do so within six months. *Id.*

Plaintiff filed a request for reconsideration, which was received by the VA on March 29, 2018. [ECF No. 47-3]. The VA denied the request for reconsideration on the same grounds on January 7, 2020. *Id.* The notice denying Plaintiff's request for reconsideration provided that Plaintiff may seek judicial relief from the VA's denial within six months of the mailing of the notice. *Id.* In accordance with the notice, Plaintiff initiated this action on July 6, 2020. [ECF No. 1]. Thereafter, Plaintiff filed an Amended Complaint alleging causes of action under the FTCA stemming from Defendant's medical malpractice.[2] On October 28, 2021, Defendant filed the instant Motion, seeking dismissal of the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim. [ECF No. 47].

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) can be based on a facial or factual challenge to the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). On a facial challenge, a court is required only to determine if the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction . . . ." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). In doing so, "the court must consider the allegations in the

---

[2] Plaintiff appears to bring a claim under the FTCA for a violation of due process rights. *See* [ECF No. 45 at 13]. As alleged, the claim seems to stem from the same underlying medical malpractice claim and Plaintiff does not dispute this characterization in his response. If that is not the case, the claim is deficient as alleged because Plaintiff does not clearly state his legal claim or assert a specific cause of action, and the Court is unable to discern what claim Plaintiff is attempting to bring.

plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[3] By contrast, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*, 919 F.2d at 1529). On a factual challenge, "no presumptive truthfulness attaches to [the] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645 F.2d at 413), and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction, *see OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## II.     Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## DISCUSSION

**I.     Florida's Statute of Repose**

Under the FTCA, the United States can be sued "only to the extent 'a private person ... would be liable [in] the law of the place where the act or omission occurred.'" *Gault v. United States*, 2021 WL 4099888, at *1 (N.D. Fla. Sept. 9, 2021) (quoting 28 U.S.C. § 1346(b)(1)).[4] Thus, the Court has subject matter jurisdiction over Plaintiff's claims if they could have been brought against a private person under Florida law. *See Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) ("[U]nless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim.").

Plaintiff's claims sound in medical malpractice. Therefore, Florida's statute of repose, § 95.11(4)(b), is applicable, which "provides a substantive right to be free from liability after the established time period." *Gault*, 2021 WL 4099888, at *1 (citation omitted). Pursuant to this statute, no action for medical malpractice may be commenced "later than 4 years from the date of the incident or occurrence out of which the cause of action accrued[.]" Fla. Stat. § 95.11(4)(b). However, where fraud, concealment, or intentional misrepresentation of fact prevented discovery of the injury, the statutory period of repose may be extended but that period cannot "exceed 7 years from the date the incident giving rise to the injury occurred[.]" *Id.* Consequently, the statute bars a plaintiff's untimely FTCA claim against the United States. *Cf. In re Camp Lejeune, N. Carolina Water Contamination Litig.*, 774 F. App'x. 564, 566 (11th Cir. 2019) (per curiam) (affirming dismissal of FTCA claims because North Carolina's statute of repose applied).

---

[4] Plaintiff does not dispute that the alleged conduct occurred in Florida.

Plaintiff's claims relate to conduct that occurred between 1997 and 2007 while he was in the VA hospitals. At the very latest, any conduct underlying the claims would have occurred by 2008 when Plaintiff became incarcerated. Assuming, without deciding, that Plaintiff sufficiently alleged a basis to extend the repose period, 2015 was the latest he could have brought his medical malpractice claim under the statute.[5] Because Plaintiff did not initiate his claims until 2017, they are barred. Therefore, the Court lacks subject matter jurisdiction over this action. In light of the Court's findings, it need not address Defendant's other arguments.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss, [ECF No. 47], is **GRANTED**.

2. The Amended Complaint, [ECF No. 45], is **DISMISSED**.

3. This case is **CLOSED**.

4. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of September 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff argues that the state law should be preempted by the FTCA—without detailing why the doctrine of preemption would apply to the facts in this case. Regardless, the Court finds this argument unavailing. The facts in this case are not similar to those where a plaintiff "presented his claim for agency review within the repose period, and otherwise complied with the FTCA time period[.]" *Huntoon v. United States*, No. 14CV178, 2017 WL 11500195, at *5 (N.D. Fla. Sept. 23, 2017).